**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MEDINA & MEDINA, INC.,

    **Plaintiff(s)**

       v.                        **CIVIL NO.** 09-1098 (JAG)

HORMEL FOODS CORPORATION,

    **Defendant(s)**

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    Before the Court stands Magistrate Judge Lopez's Report and Recommendation regarding Hormel Foods Corp.'s ("Hormel") motion for summary judgment seeking to dismiss Medina & Medina, Inc.'s ("Medina") claims regarding Hormel's sale of its products to distributors outside of Puerto Rico. (Docket Nos. 59; 33). Also pending before the Court, is the Magistrate's Report and Recommendation regarding Medina's motion for partial summary judgment seeking a declaration that Medina is the exclusive retail distributor of Hormel refrigerated products and fresh pork in Puerto Rico and that Hormel breached its obligations to Medina under Puerto Rico law. (Docket Nos. 59; 34).

Civil No. 09-1098 (JAG)                                          2

## BACKGROUND

Magistrate Judge Lopez concluded in a well-thought-out Report and Recommendation that Hormel's motion for summary judgment should be granted and that Medina's motion for partial summary judgment should be denied. Both Hormel and Medina timely opposed the Magistrate's Report and Recommendation. The Court now turns to these motions.

## STANDARD

### A. Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of

Civil No. 09-1098 (JAG)                                                3

material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." <u>Vineberg v. Bissonnette</u>, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before a Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. <u>Anderson</u>, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality, that a trial worthy issue persists." <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006)(internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." <u>United States v. Union Bank for Sav. & Inv.(Jordan)</u>, 487 F.3d 8, 17 (1st Cir. 2007)(citing <u>United States v. One Parcel of Real Property</u>, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." <u>Forestier Fradera v. Municipality of Mayaguez</u>, 440 F.3d 17, 21 (1st Cir. 2006)(citing <u>Benoit v. Technical Mfg. Corp.</u>, 331 F.3d 166, 173 (1st Cir. 2003)). It is important to

Civil No. 09-1098 (JAG)                                        4

note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts, as they are jury functions, not those of a judge. <u>Anderson</u>, 477 U.S. at 255.

## B. Standard for Review of a Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and Local Rule 159, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. The adversely affected party may contest the report and recommendation by filing objections within fourteen days of being served with a copy of the order. 28 U.S.C. § 636(b)(1). If objections are filed in a timely manner, the district judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." <u>Rivera-De-Leon v. Maxon Eng'g Servs.</u>, 283 F.Supp.2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

Civil No. 09-1098 (JAG)                                        5

**A. Was Medina an exclusive distributor?**

Medina has filed a lengthy opposition to the Magistrate's Report and Recommendation. In its opposition, Medina argues that the Magistrate Judge erred in denying its motion for partial summary judgment because there are no disputed material facts regarding Medina's claims pursuant to the Dealer's Contracts Act of June 24, 1964, No. 75 ("Law 75"), P.R. Laws Ann. tit. 10, §§ 278, *et seq.*, against Hormel.

The first question before the Magistrate Judge was whether or not Medina was Hormel's exclusive retail distributor of refrigerated products and fresh pork in Puerto Rico pursuant to Law 75. The second question before the Magistrate was whether or not Hormel breached its obligations to Medina pursuant to Law 75. The Magistrate Judge concluded that Medina's summary judgment motion regarding whether or not Medina was Hormel's exclusive distributor should be denied.

Medina argues that the Magistrate erred because the record supports the conclusion that Medina was in fact Hormel's exclusive distributor. More specifically, the Magistrate determined that although the parties agree that Medina would distribute Hormel's product, the scope, terms, and exclusivity of the distribution agreement were disputed. The Magistrate's conclusion is premised upon his finding that the parties agreed

Civil No. 09-1098 (JAG)                                                6

to a distributorship agreement during a dinner party in 1988.
During said party, Jim Dinicola told Jose Medina, "Jose, let's
go ahead, you go ahead and distribute the Hormel product."
(Docket Nos. 35, pp. 6-7; 46-1, pp. 2-3, 36-1, pp. 22:19-23:11).

    According to Medina the record amply supports the
conclusion that Medina was Hormel's exclusive distributor.
Moreover, Medina objects to the Magistrate's reliance on the
deposition of Tony Alonso, a Hormel employee who was present
during the conversation between Mr. Dinicola and Mr. Medina, as
showing that Hormel never offered Medina an exclusive
distributorship. (Docket No. 59 n.3). According to Medina, this
conclusion gives more weight to the doubts expressed by a mid-
level Hormel executive, Tony Alonso, than to the binding
admissions of high ranking officers.

    Medina argues that Mr. Alonso's statement was insufficient
to create a genuine issue of material fact regarding Medina's
exclusivity in light of the entirety of the record. Moreover,
Medina also cites to Mr. Alonso's deposition in which he also
stated that he does not know whether Hormel has other retail
distributors in Puerto Rico. (Docket No. 46-3, p. 36). Thus,
according to Medina, Tony Alonso's statement does not amount to
substantial evidence in opposition to Medina's motion for
partial summary judgment on the exclusivity issue. (Docket No.

Civil No. 09-1098 (JAG)                                          7

63, p. 15). Medina goes one step further by suggesting that Mr.
Alonso's statements are nothing but metaphysical doubts injected
into the material facts.

Medina further argues that the Magistrate engaged in
forbidden credibility determinations and attempted to be the
ultimate arbiter of the persuasiveness of the proof in order to
bolster his conclusion that the scope and exclusivity of the
agreement between Medina and Hormel was unclear. In support of
this argument, Medina avers that the Magistrate misconstrued the
deposition testimony of Gary Ray, Hormel Executive Vice-
President of Refrigerated Foods and Board of Directors member.
Medina argues that Mr. Ray stated in his deposition that Hormel
had never sold refrigerated products through another distributor
in Puerto Rico. Thus, Medina argues that Mr. Ray's statement is
demonstrative of the fact that Medina was in fact Hormel's
exclusive distributor. Medina seems to think that the fact that
Hormel may not have had another distributor in Puerto Rico means
that Medina was by definition Hormel's exclusive distributor.
The Court fails to find this line of reasoning persuasive. As
the Magistrate clearly stated in his Report and Recommendation,
there remain issues of fact as to whether Medina was an
exclusive distributor in light of the entirety of the record.

Civil No. 09-1098 (JAG)                                            8

Medina proceeds to argue that the Magistrate ignored additional uncontroverted evidence that Medina was Hormel's exclusive distributor in Puerto Rico. Medina cites to a letter from Ron Fielding, President of Hormel's International Division from 1995 to 2000 and Vice-President of the Meat Products Group from 2000 on, in order to support its argument. (Docket No. 38-5). In this letter, Mr. Fielding does indeed refer to Medina as the "primary, if not exclusive partner." However, it seems to the Court too large an inferential leap to conclude that there exists no genuine dispute of material fact because of the statement in this letter in light of the rest of the record.[1]

Medina further argues that Hormel executives have utilized the terms "exclusive" and "venue" when describing Medina's retail market and that these statements further evidence that Medina was Hormel's exclusive distributor. Specifically, Medina cites to Mr. Ray's deposition, as well as a letter written by Mr. Ray on September 16, 2004, stating that Medina had "the exclusive for the deli." (Docket No. 33-33; 37-7). Medina argues that this statement, other statements on the record that identify Medina as the sole or only distributor in Puerto Rico, and a statement by Mr. Ray that the retail market is Medina's

---

[1] The record reflects testimony from Hormel executives Tony Alonso, Ron Fielding, and Gary Ray stating that Hormel does not have a written contract with Medina nor does it have an exclusive distribution agreement. (Docket Nos. 33-1, p. 6; 33-38, p. 1; 35, pp. 7, 42-43; 43, pp. 20-25; 46-1, pp. 3, 16; 46-3, pp. 36:20-37:2; 38-4, p. 47:8-18). Therefore, the Court is unable to grant summary judgment on this issue.

Civil No. 09-1098 (JAG)                                          9

venue (Docket No. 38-1) are evidence that Medina was in fact
Hormel's exclusive distributor. However, the Court notes that
Mr. Ray's statements were made regarding a dispute regarding
whether particular products were to be defined as part of
Hormel's food service or retail business. Thus, these statements
seem to have been made in a specific context and not for the
purpose that Medina seeks to introduce them. In fact, Mr. Ray
stated that his comments were limited to areas of delis located
within retail stores and club accounts who take possession of
Hormel products in Puerto Rico. (Docket No. 33-32).

    Medina cites to the deposition of Mr. Fielding in which he
was asked whether Medina was the exclusive distributor of Hormel
refrigerated retail products in Puerto Rico and he responded "I
would have to say they were our only distributor at the time
locally, yes." (Docket No. 38-4, p. 20). Medina also cites to a
letter written on July 8, 2005, by James W. Cavanaugh, Hormel
Senior Vice President and General Counsel. In this letter, Mr.
Cavanaugh states that Hormel has no other retail distributors in
Puerto Rico. Medina wants the Court to interpret this statement
as an admission of exclusivity. Such a conclusion is not
possible. The Court has already clarified that those statements
by Hormel executives that Medina was Hormel's only distributor

Civil No. 09-1098 (JAG)                                         10

fail to demonstrate the absence of a genuine issue of material
fact on the exclusivity issue.

Lastly, Medina argues that the Magistrate Judge's
recommended denial of Medina's summary judgment motion
contradicts his findings as to Hormel's direct sales to Costco.
However, Medina does not readily explain its argument.
Nonetheless, the Court disagrees with Medina. The Court finds
that the record does not clearly support that Medina was
Hormel's exclusive distributor in Puerto Rico in light of the
absence of a written agreement and the course of dealing between
the parties. The Court finds no error of law or fact in the
Magistrate's conclusion and finds no reason as to why the Court
should grant Medina's motion for partial summary judgment as to
the exclusivity issue and alleged violations pursuant to Law 75.

Despite Medina's vehement arguments, the Court finds no
reason as to why it should reject the Magistrate's conclusion on
the exclusivity question. The entirety of the record reflects
that the parties never reduced their agreement to writing and
the course of dealing between the parties evinces that there is
a genuine issue of material fact as to whether or not Medina was
Hormel's exclusive distributor. Moreover, Medina's efforts to
show that it was Hormel's exclusive distributor are unavailing.
The statements by Hormel executives that Medina was its only

Civil No. 09-1098 (JAG)                                                    11

distributor in Puerto Rico are insufficient to demonstrate
exclusivity in this case. To wit, the deposition of Mr. Fielding
states that the distribution agreement between Hormel and Medina
did not prohibit Hormel from selling retail products to mainland
distributors. (Docket Nos. 35, p. 32; 46-1, pp.11-13; 46-9, pp.
53:14-54:9). Similarly, Mr. Ray's statements do not readily
demonstrate that Medina was Hormel's exclusive distributor.
Neither do the statements made by Mr. Cavanaugh or other Hormel
executives sufficiently show that there is no genuine issue as
to whether Medina was Hormel's exclusive distributor.

        As a result of the foregoing the Court **DENIES** Medina's
Objection to the Report and Recommendation and **ADOPTS** the
Magistrate's Report and Recommendation.


        **B. Limitations on Hormel's sale of products to mainland
           distributors**
        The Magistrate Judge concluded that no rational jury could
find that the distribution agreement between Hormel and Medina
covered sales by Hormel to mainland distributors. The Magistrate
Judge stated that the uncontested facts show that from 1998 to
June 2005, Medina failed to question the right of mainland
distributors to sell Hormel products in Puerto Rico, despite
being aware of such sales. (Docket No. 59). The Magistrate
further added that while Medina complained to Hormel about these

Civil No. 09-1098 (JAG)                                          12

distributors, the complaints focused on whether mainland
distributors were getting better prices than Medina for Hormel
products. (Docket No. 59). As a result, the Magistrate
determined that Hormel's motion for partial summary judgment
should be granted.

Medina posits that the Magistrate erred by failing to
consider evidence when he determined that Hormel's partial
summary judgment motion- seeking dismissal of Medina's claims
involving sales to mainland distributors - should be granted.

More specifically, Medina argues that the Magistrate failed
to consider a letter from Robert A. Slavik, Vice-President of
Meat Products for Hormel. Mr. Slavik's letter stated that he
spoke with Hormel's International Division and that the
International Division has "stepped out of the communication
with any customers who would be involved in product sold
domestically that could end up in Puerto Rico and, therefore it
is now under our full control. Having said that you now have a
team in place that can help you grow the business the right
way." (Docket No. 43-5). Medina posits that this letter presents
evidence that Medina objected to Hormel's sale of products to
others who sold in the Puerto Rico market. As a result, Medina
argues that Hormel's motion for summary judgment should be
denied.

Civil No. 09-1098 (JAG)                                              13

The First Circuit held in <u>Irvine v. Murad Skin Research Laboratories, Inc.</u>, 194 F.3d 313, 318 (1st Cir. 1999), that under Law 75, a principal may not be held accountable for unknown market interference with a distributor by third parties. The First Circuit further stated that once the principal is on notice that its products are reaching an area of limited distribution rights, the principal has an obligation to take prompt positive action to curtail the practice. <u>Id.</u>

However, Hormel argues that <u>Irvine</u> applies to cases that involve direct sales by the manufacturer to customers in Puerto Rico. Hormel cites to <u>DiGiorgio Corp. v. Mendez and Co., Inc.</u>, 230 F.Supp.2d 552 (D.N.J. 2002), which held that an exclusive distributor under the Puerto Rico Distributorship Act does not have the right to enjoin transactions that take place outside of Puerto Rico, even if the products are exchanged for ultimate resale in Puerto Rico. In <u>Sterling Merchandising, Inc. v. Nestle, S.A.</u>, 546 F.Supp.2d 1 (D.P.R. 2008), Payco Foods Corp. ("Payco") alleged tortious interference with its contract, based on the sale of ice cream products by Schoep's Ice Cream ("Schoep's") to Sterling Merchandising Inc. ("Sterling"). However, neither Schoep's nor Sterling was party to Payco's alleged exclusive agreement with Masterfoods Interamerica ("MFI") to distribute MFI products in Puerto Rico. The Court

held that Sterling's resale of products purchased from Schoep's in Puerto Rico did not interfere with Payco's rights pursuant to its contract with MFI. Id. at 3. The Court emphasized that the disputed transaction between Schoep's and Sterling involved two strangers to the distribution agreement.

The situation before the Court is not entirely analogous to the cases mentioned above. In this case, Hormel sold its products to mainland distributors. Hormel, a party to the distribution agreement, thus sold its products to strangers to the agreement between Hormel and Medina outside of Puerto Rico. The Magistrate concluded that on the basis of Irvine, DiGiorgio, and Sterling Merchandising Law 75 covers the transactions in question.

Despite the Magistrate's conclusion regarding the applicability of Law 75, the Magistrate found that the course of dealing between the parties militated towards a finding that Hormel's sales to mainland distributors were not covered by the distributorship agreement. Medina vehemently argues that Mr. Slavik's November 26, 1996, letter evinces that Medina properly complained of an exclusivity issue and that Hormel complied with Medina's demands. (Docket No. 43-5). Although, the background regarding Mr. Slavik's letter is not entirely clear, the Court recognizes that Mr. Slavik's letter injects a genuine issue of

Civil No. 09-1098 (JAG)                                        15

material fact. To be clear, the Court does not conclude that Mr. Slavik's letter elucidates that the contract in question included a prohibition regarding sales to mainland distributors. The Court merely finds that there exists a genuine issue of material fact regarding whether or not the contract's scope limited such sales.

   Actions brought pursuant to Law 75 prescribe in three years from the date of the definitive termination of the dealer's contract, or of the performing of the detrimental acts. Basic Controlex Corp., Inc. v. Klockner Moeller Corp., 202 F.3d 450, 452-53 (1st Cir. 2000)(citing P.R. Laws Ann. tit. 10, § 278(d) (1964)). In Pacheco v. National Western Life Ins. Co., 88 J.T.S. 93 (June 30, 1988), the Supreme Court of Puerto Rico determined that the three year statute of limitations provided by § 278(d) cannot be tolled by extrajudicial claims. Thus, even if the Court were to assume that the contract in question contained a limitation on sales to mainland distributors, any impairment would be subject to the three year statute of limitations. In Basic Controlex Corp., the First Circuit affirmed the conclusion that a Law 75 begins to accrue once the impaired party has notice of the detrimental act. Thus, the First Circuit concluded that notice that a defendant intends to use other distributors is sufficient to trigger Law 75's statute of limitations. See

Civil No. 09-1098 (JAG)                                    16

_Institute of Innovative Medicine, Inc. v. Laboratorio Unidos de_

_Bioquimica Funcional_, 613 F.Supp.2d 181, 191 (D.P.R. 2009).

    The facts in this case unambiguously show that Hormel was
consistent in its representations to Medina that it would not
interfere with mainland distributors' sales into the Puerto Rico
market. At the very latest, Hormel clearly represented to Medina
that it would continue to sell products to mainland distributors
who in turn resold Hormel products in Puerto Rico by June 2005.
(Docket Nos. Docket Nos. 35, p. 42-43; 46-1, p. 16; 39-2). Hormel
again reiterated its position that it would not interfere with
sales to mainland distributors in Augusts 2005. (Docket Nos. 33-
1, p. 5; 43, p. 10-15; 33-31, p. 7). As a result, the Court
finds that Hormel notified Medina by August 2005, that it would
continue to sell to mainland distributors thereby triggering Law
75's statute of limitations.

    In summary, Medina has advanced a letter from 1996, which
injects a genuine material issue of fact into whether or not
Hormel could sell to mainland distributors. Although Mr.
Slavik's letter is relatively unclear, the Court believes that
it effectively presents a genuine issue of material fact
regarding whether or not Hormel complied with Medina's objection
regarding sales to mainland distributors. As a result, the
letter forces the Court to reconsider the Magistrate's

conclusion regarding the course of dealing between the parties. However, the Court concludes that Medina's potential claims are time barred and thus, unable to proceed.

The Court further notes that Medina complained to Hormel about Hormel's sales to mainland distributors on several occasions. The record illustrates that Medina first complained of a mainland distributor selling Hormel products in 1990. (Docket No. 33-1, p. 3; 43, p. 4). However, this communication, as well as subsequent complaints focused on Medina's grievances that other distributors were obtaining better prices from Hormel than Medina. (Docket Nos. 33-1, p. 4; 43, p. 6; 33-18; 33-20). Furthermore, the record reflects that Medina complained to Hormel in 2005 regarding Hormel's sale of its frozen products to mainland distributors while knowing that those distributors would resell Hormel products in Puerto Rico. (Docket Nos. 39-1; 33-36; 43-6). The record also reflects what seems to be a consistent pattern on Hormel's part in which Hormel informed Medina that it would not interfere with mainland distributors who were reselling Hormel products in Puerto Rico. (Docket Nos. 39-2; 33-31; 33-38). In light of the evidence on the record, the Court understands that Medina's claim regarding Hormel's sales to mainland distributors is effectively time barred.

Civil No. 09-1098 (JAG)                                          18

As a result of the foregoing, the Court disagrees with the Magistrate's analysis in his Report and Recommendation. Nonetheless, the Court agrees with the Magistrate's conclusion that Hormel's motion for summary judgment (Docket No. 33) should be **GRANTED.**


### C. Hormel's Objection Regarding Direct Sales to Costco

Hormel objects to the Magistrate Judge's finding that there is a genuine issue of material fact regarding whether or not Hormel's direct sales to Costco violated the distribution agreement between the parties. (Docket No. 62).

The Magistrate concluded that a reasonable jury could find that the distribution agreement covered direct sales by Hormel into the Puerto Rico market. (Docket No. 59, p. 30). In his analysis, the Magistrate referred to Medina's complaint made on August 2002, indicating that Hormel was planning to make a sales presentation to Pueblo, thereby bypassing Medina. The Magistrate also noted that Hormel responded, via a letter from Mr. Fielding, to Medina's claim by stating that Hormel was not trying to sell around Medina and added that Hormel was unable to force retailers to buy through Medina. (Docket No. 33-26). The Magistrate characterized Hormel's response as non-committal

Civil No. 09-1098 (JAG)                                          19

regarding whether or not Hormel was required to go through
Medina. (Docket No. 59, p. 29).

    In 2008, Medina again complained to Hormel because Costco
informed Medina that it would stop buying Hormel party platters
from Medina because it would begin to purchase them directly
from Hormel. (Docket No. 43-8).

    Hormel objects to the Magistrate's characterization of
Hormel's statement in 2002 as non-committal. Hormel posits that
the Court should not adopt this portion of the Magistrate's
Report and Recommendation because Mr. Fielding's letter
communicates that Hormel disagreed with Medina's objection to
Hormel's direct sales into the Puerto Rico market. As a result,
Hormel posits that Hormel never consented to Medina's objection
and there was no agreement or contract that precluded Hormel
from making direct sales to retailers in Puerto Rico.

    The Court notes Hormel's objection, but is unable to agree.
The record is not clear on this issue and Mr. Fielding's
response is indeed non-committal. As a result, the Court hereby
**ADOPTS** the Magistrate's Report and Recommendation on this point.


                            **CONCLUSION**

    As a result of the foregoing, the Court hereby **ADOPTS IN
PART AND REJECTS IN PART** the Magistrate Judge's Report and

Civil No. 09-1098 (JAG)                                                    20

Recommendation.   The   Court   **REJECTS**   the   portion   of   the
Magistrate's Report and Recommendation concluding that there was
an  absence  of  a  genuine  issue  of  material  fact  regarding
Hormel's  sales  to  mainland  distributors.  However,  the  Court
concludes  that  Medina's  claims  regarding  sales  to  mainland
distributors  are  effectively  time  barred.  Thus,  despite  the
Court's rejection of the Magistrate's analysis, the Court agrees
with  the  Magistrate's  ultimate  conclusion  that  Hormel's  motion
for  summary  judgment  (Docket  No.  33)  should  be  **GRANTED**.
Similarly,  the  Court  agrees  with  the  Magistrate's  recommendation
that Medina's motion for partial summary judgment be **DENIED**.


          IT IS SO ORDERED.

          In San Juan, Puerto Rico, this 30th of March, 2012.



                              S/ Jay A. García-Gregory
                              JAY A. GARCÍA-GREGORY
                              United States District Judge